# Gartner, Appellant, *v.* Pittsburgh Stock Exchange.

*Corporations—Corporations of the first-class—Stock exchange seat—Insolvency of holder—Sale of seat—Rules of exchange— Validity.*

A seat on a stock exchange, a corporation of the first-class, is not property in the eye of the law but a privilege to be held and enjoyed within limits and restrictions which the constitution and by-laws of the exchange put upon it. A provision therein for the sale of a member's seat upon the insolvency of the member and for distribution of the proceeds to members in payment of their claims against the insolvent member before payment of anything therefor to him or those claiming through him is valid, and a member whose seat has been sold in accordance with action taken by the arbitration committee, pursuant to the rules of the exchange, has no standing in court to complain of the sale, or of the distribution of the proceeds thereof in accordance with the by-laws, particularly where he had not appealed to the board of appeals as provided by the by-laws of the exchange.

Argued Oct. 22, 1914. Appeal, No. 132, Oct. T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Second T., 1908, N. 11, on directed verdict for defendant in case of T. L. Gartner v. The Pittsburgh Stock Exchange, a corporation. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover the value of a seat on the Pittsburgh Stock Exchange.

The following opinion was filed by SHAFER, J., sur plaintiff's motion for new trial:

In this case the defendant offered no evidence, but

asked for binding instructions in its favor, and a verdict was thereupon directed for the defendant. The question therefore is whether the plaintiff made out a case to go to the jury. The evidence showed that the defendant is a corporation, not for profit, organized for the purpose of carrying on a stock exchange; that one E. D. Gartner, brother of the plaintiff, was a member of it on and before January, 1906; that E. D. Gartner having gotten into financial difficulties, borrowed ten thousand dollars from the plaintiff, giving him his note therefor, and as collateral security therefor assigning to him the membership in the Stock Exchange standing in his name, of which assignment the Stock Exchange afterwards received notice; shortly after the making of this note and assignment E. D. Gartner became insolvent, and he and the firm of which he was a member made a deed of voluntary assignment, and subsequently went into bankruptcy. The by-laws provide that in every case where a member becomes insolvent or bankrupt the board of directors may cause his membership to be sold, and after paying out of the proceeds all dues and claims owing by the member, or any firm of which he is a member, to other members of the exchange whatever may be due them as certified by the arbitration committee, they are to pay the balance, if any, to the member whose membership has been sold, or to such other person as may legally be entitled to the same, the transferee under such sale to be subject to the approval of the board of directors before being admitted as a member. The by-law providing for the appointment of an arbitration committee, to consist of five members, provides further that each party to a controversy shall have a right to challenge one out of the five and that three shall constitute a quorum, and that all claims and differences arising in dealings between members of the exchange, all disputes arising out of the closing of contracts, all complaints of breach of contract, and violations of the rules, shall be determined by this committee; that the exchange itself and its mem-

bers wishing to secure their claims out of the proceeds of any transfer or sale of a membership must file their claims within three days after notice of such transfer or sale is posted. The by-laws further provide for a board of appeals from the decisions of the arbitration committee, which shall consist of the board of directors, not less than seven to be present at each hearing, and that each party may challenge one member of the board of directors, and that within five days after the making of an award or decision by the arbitration committee either party may appeal to the board of appeals thus constituted, which shall then have power to affirm, modify or reverse the award or decision or rehear the same as they see fit, and their award and decision shall be final and conclusive in all respects. It further appears that in July, 1906, the exchange sold the seat of E. D. Gartner for five thousand dollars; that the arbitration committee had presented to it claims to a large amount, and that it allowed claims of four or five persons amounting in all to thirteen thousand odd dollars. It further appears that the plaintiff demanded to be heard by the arbitration committee in opposition to the claims which were afterwards so allowed, or some of them, on the ground that they were founded upon fictitious sales such as were forbidden to be made by the by-laws of the exchange; and to show that no money was owing to members of the exchange by E. D. Gartner, and that the committee refused to allow him to appear before it for that purpose. The plaintiff offered to prove on the trial that the claims which were allowed to members of the Stock Exchange by the arbitration committee were fictitious and that no money was owing in fact to those members by E. D. Gartner or the firm of which he was a member, the evidence of which offer was rejected. The plaintiff's claim as set out in his amended declaration is that he could have sold the membership for eight thousand dollars cash and could have secured a purchaser acceptable to the defendant but they would not permit him to do so,

and that the sale for five thousand dollars was against his rights, that the allowance of claims made by the arbitration committee was wrongful, and that therefore the defendant "by its conduct as herein set forth in preventing him from realizing the value of said membership became and is liable to pay the said plaintiff the value of said membership, to wit: eight thousand dollars," for the recovery of which the plaintiff brought this suit. The plaintiff offered no evidence as to the value of the seat, but acquiesced in the result of the sale.

A seat in such exchange is not property in the eye of the law; it is a mere creation of the board, to be held and enjoyed with all the limitations and restrictions which the constitution and by-laws put upon it; Thompson v. Adams, 93 Pa. 55. The provision for the sale of the seat upon insolvency, or otherwise, and for the distribution of the proceeds of such sale to members of the board in payment of their claims against the person whose seat is sold, before the payment of anything therefor to him or those claiming under him, is one which the exchange had an undoubted right to make, and by which the member and those claiming under him in any way are bound. An assignment by a member of his seat, with notice thereof to the board, can mean nothing more than that the board should not pay out to the member any balance found in his favor without regard to the rights of the assignee. Upon the making of such an assignment the assignor does not cease to be a member, nor does the assignee become a member in any sense, and especially is this the case if the assignment is not absolute but conditional as security for a debt. Any number of such assignments might be given out by the member and the board is not bound to treat such an assignee or assignees as having any rights except to receive the surplus, if any, awarded to the member. If this view of the rights of an assignee is correct the plaintiff could not complain of not being heard by the arbitration committee. There is no evidence that his assignor was not permitted to be

heard. But whether this view be correct or not, we are of opinion that the plaintiff, if he had standing to appear before the arbitration committee, was bound to appeal from its decision as provided by the by-laws and that his failure to do so is conclusive against his claim.

It further appears by the evidence that the board is a mere custodian of the price of the seat, under the terms of the by-laws, for the creditors of the member and for the member himself. To allow the member or his assignee to recover the whole fund in an action in which only the exchange itself is a defendant would be an injustice to the exchange and to the members who also claim the fund. The plaintiff has no other or greater right to the fund than have these members themselves, and if the plaintiff can recover in this action each one of them can recover in like manner. We are of opinion, therefore, that the plaintiff did not make out a case entitling him to receive from the exchange the whole purchase-money received by it for the seat of E. D. Gartner, and the motion is therefore refused.

Upon the trial the court refused to permit the plaintiff to offer testimony tending to prove that the claims of other members of the stock exchange against the insolvent member were false and fictitious, fraudulent and unlawful.

The jury found a verdict for the defendant under binding instructions, upon which judgment was subsequently entered. Plaintiff appealed.

*Errors assigned* were ruling on evidence and in directing a verdict for defendant.

*W. A. Stone,* of *Stone & Stone,* with him *T. L. Gartener,* for appellant.

*A. M. Imbrie,* for appellee.

PER CURIAM, January 2, 1915:

The judgment is affirmed on the opinion of Judge SHAFER, dismissing the motion for a new trial.